COURT OF APPEALS
DECISION
DATED AND FILED

August 19, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1517-CR**

Cir. Ct. No. **2017CF99**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

ERIC A. NEWMAN,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Clark County: LYNDSEY BRUNETTE, Judge. *Affirmed.*

Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Eric Newman appeals a judgment of conviction for aggravated battery[1] and an order denying his postconviction motion.   Newman contends that the circuit court erred by denying his request for a jury instruction on the privilege of self-defense.   In the alternative, he contends that his trial counsel was ineffective by failing to elicit sufficient testimony to meet the minimal threshold for the self-defense instruction.   For the reasons set forth below, we reject both arguments.   We affirm.

¶2    Newman was charged with aggravated battery, battery to a law enforcement officer, resisting arrest, criminal damage to property, and disorderly conduct, based on a disturbance at a bar.   At trial, the State presented testimony by the victim of the aggravated battery, R.D.G., as well as witnesses at the bar and responding officers.   Newman testified in his own defense that he struck R.D.G., who was in a wheelchair, because R.D.G. allegedly did the following:   made multiple sexual advances towards Newman throughout the evening, and then approached Newman, sexually propositioned him again, and placed his hand on Newman's thigh.

¶3    On cross-examination, Newman testified that, thirty minutes before he struck R.D.G., R.D.G. had "grabbed" Newman's "junk."   Newman testified that, when R.D.G. approached him again and placed his hand on his thigh, Newman hit him because he believed R.D.G. was trying to grab his "junk" again. Newman admitted that, after the first strike, R.D.G. rolled away from him and that Newman then approached R.D.G. and struck him two more times.

---

[1] Newman was also convicted of resisting arrest and disorderly conduct.  Those charges are not subjects of this appeal.

2

¶4      Newman's trial counsel requested an instruction on the self-defense privilege. Counsel argued that Newman's testimony was sufficient for the jury to find that Newman struck R.D.G. to defend himself from a sexual assault. The circuit court determined that the evidence at trial was insufficient to support the self-defense instruction, and denied the request.

¶5      Newman filed a postconviction motion arguing that the circuit court erred by denying his request for the self-defense instruction or, alternatively, that his trial counsel was ineffective by failing to elicit sufficient testimony from him to support the instruction. At a postconviction motion hearing, Newman's trial counsel testified that his trial strategy was to pursue a self-defense claim against the aggravated battery charge. Counsel testified that he met with Newman approximately five times before trial, and that Newman frequently referred to R.D.G.'s conduct towards him as a "sexual assault." Counsel also testified that he did not specifically recall Newman disclosing to him prior to trial that R.D.G. had actually touched Newman's genitals, but agreed that it was possible that Newman had made this disclosure to him. Counsel testified that he believed that the evidence at trial was sufficient to support the self-defense instruction.

¶6      Newman testified at the postconviction motion hearing that he told his trial counsel before trial that he struck R.D.G. because R.D.G. had grabbed Newman's genitals "a couple times," and Newman was concerned that R.D.G. would do so again. Newman testified that he believed R.D.G. was going to touch his genitals when R.D.G. placed his hand on Newman's thigh.

¶7      The circuit court rejected Newman's argument that the court erred by failing to give the jury the self-defense instruction. It reiterated its determination that the evidence presented at trial was insufficient to warrant the

instruction. The court also rejected Newman's ineffective assistance of counsel argument. The court found that, in the meetings between trial counsel and Newman before trial, trial counsel did not obtain sufficient facts to support Newman's sexual assault allegation. The court found that trial counsel gave Newman a sufficient opportunity during his direct examination to give a full explanation of the events leading up to Newman striking R.D.G., and that Newman had described only R.D.G. propositioning Newman for sexual activity, and had not described a sexual assault. The court found that trial counsel's testimony was credible, while the court had "serious doubts" as to Newman's credibility. The court therefore denied Newman's postconviction motion. Newman appeals.

¶8 Whether the evidence at trial was sufficient to support a jury instruction on self-defense is a question of law that we review de novo. *State v. Peters*, 2002 WI App 243, ¶12, 258 Wis. 2d 148, 653 N.W.2d 300. We review a claim of ineffective assistance of counsel as a mixed question of fact and law. *State v. Thiel*, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305. We will uphold the circuit court's factual findings unless those are clearly erroneous. *Id.* Whether those facts establish that counsel was constitutionally ineffective is a question of law that we review independently. *Id.*

¶9 Newman argues first that the circuit court erred by denying his request for a self-defense instruction. Newman contends that he met the minimal threshold for a self-defense instruction by testifying that he struck R.D.G. to prevent an unwanted sexual contact. *See* WIS. STAT. § 939.48(1) (2019-20)[2]

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

(privilege of self-defense allows a person to use such force as the person reasonably believes is necessary to prevent what the person reasonably believes to be an unlawful interference with his or her person); *State v. Stietz*, 2017 WI 58, ¶¶15-17, 375 Wis. 2d 572, 895 N.W.2d 796 (defendant need produce only "some evidence" to support claim of self-defense, which is satisfied even if the evidence is "weak, insufficient, inconsistent, or of doubtful credibility" (quoted source omitted)).

¶10     Newman points to his trial testimony that R.D.G. had sexually propositioned him multiple times throughout the evening and had also placed his hand on Newman's genitals without Newman's consent.  Newman argues that, when R.D.G. approached him again and placed his hand on Newman's thigh, Newman hit him three times with a cupped hand to "get his attention."  Newman contends that, viewing this testimony in the light most favorable to the defense, the evidence was sufficient to meet the low bar of "some evidence" to support Newman's claim that he struck R.D.G. in an attempt to defend himself from a sexual assault.  *See Stietz*, 375 Wis. 2d 572, ¶¶5, 22.  He argues that the circuit court erred by denying his request for a self-defense instruction because it was the jury's role to determine whether Newman's actions were reasonable under the circumstances.  *See id.*, ¶18 (court may not weigh conflicting evidence when deciding whether to give a self-defense instruction because "the question of reasonableness of a person's actions and beliefs, when a claim of self-defense is asserted, is a question peculiarly within the province of the jury").

¶11     We conclude that the circuit court properly denied the request for a self-defense instruction because no reasonable jury could have found that Newman reasonably believed he used only the amount of force necessary to prevent an unlawful interference with his person.  In reaching this conclusion, "[w]e view the

5

record favorably to [Newman], as the case law requires, to assess whether a reasonable jury could find that a person in [his] position … under the circumstances existing at the time of the incident could reasonably believe that he was exercising the privilege of self-defense." *Stietz*, 375 Wis. 2d 572, ¶22.

¶12    To be entitled to a self-defense instruction, a defendant is required "to make an objective threshold showing that (1) he reasonably believed he was preventing or terminating an unlawful interference with his person, and (2) *he intentionally used only the force he reasonably believed was necessary to terminate that interference.*" *State v. Johnson*, 2021 WI 61, ¶20, __Wis. 2d__, 961 N.W.2d 18 (emphasis added).   Here, the evidence at trial, viewed from Newman's perspective and most favorably to the defense, established the following sequence of events.  Newman was sitting on a barstool when R.D.G., who was in a wheelchair, approached Newman.  Earlier in the evening, R.D.G. had made numerous unwanted sexual advances towards Newman, including grabbing Newman's genitals, despite Newman's repeated statements to R.D.G. to stay away from him.   During this last approach, R.D.G. again sexually propositioned Newman and also placed his hand on Newman's thigh.  Newman then hit R.D.G. once with a cupped hand to "get his attention."  When Newman struck R.D.G., R.D.G. rolled backwards away from Newman.  Newman then stood up and approached R.D.G. and struck him two more times.

¶13    Viewing this evidence in the light most favorable to the defense, as we must, it is at least arguable that the evidence was sufficient for a jury to find that Newman reasonably believed that he struck R.D.G. to prevent an unlawful interference with his person.  It is also at least arguable that the evidence was sufficient that a jury could possibly have found that Newman's first strike to R.D.G. was the reasonable amount of force necessary to prevent that unlawful

interference. We conclude, however, that no reasonable jury could have found that Newman reasonably believed that, after he struck R.D.G. and R.D.G. rolled away from him, he needed to follow R.D.G. and strike him a second and third time to prevent R.D.G. from unlawfully interfering with his person. Newman does not point to any evidence that would have supported his reasonable belief that, after delivering the first strike and seeing R.D.G. rolling away, he needed to use any additional force to prevent unwanted sexual contact.[3] Accordingly, the circuit court properly denied the request for a self-defense instruction.[4]

¶14 Alternatively, Newman contends that his trial counsel was ineffective by failing to elicit sufficient testimony from him to support the self-defense instruction.[5] Newman contends that his trial counsel failed to elicit sufficient testimony from him about R.D.G.'s alleged sexual advances throughout the evening, including R.D.G. grabbing Newman's genitals, to establish Newman's reasonable belief that he needed to use force to prevent R.D.G. from sexually assaulting him.

---

[3] The parties make no distinction between the amount of force used when Newman struck R.D.G. the first time and when he struck R.D.G. the second and third times. Newman described the three strikes in his trial testimony as follows: that he first "slapped" R.D.G. with his left hand; and then, after he stood and approached R.D.G., he "smacked" him with his left hand and then "openhanded" him with his right hand. Newman further testified that he "cupped" his hand, without specifying between the three strikes.

[4] Our conclusion that Newman was not entitled to a self-defense instruction because the evidence was insufficient to support a finding that Newman reasonably believed the amount of force he used was necessary is dispositive. Accordingly, we do not reach other arguments Newman advances as to why he submits the circuit court erred by failing to give the self-defense instruction.

[5] As part of this argument, Newman also asserts that his counsel was ineffective by failing to explain the weakness of the self-defense claim to Newman so that Newman could make an informed decision as to whether to proceed to trial. However, Newman has made no assertion, in the circuit court or on appeal, that he would have entered a plea rather than proceed to trial had his counsel provided additional information to him. We reject this argument on that basis.

¶15 We conclude that trial counsel was not ineffective by failing to elicit additional evidence to establish that Newman reasonably believed he needed to use force to prevent R.D.G. from sexually assaulting him because that evidence would not have shown that Newman reasonably believed he used only the force necessary to prevent a sexual assault. A claim of ineffective assistance of counsel must establish that counsel's performance was both deficient and prejudicial to the defense. *See **Thiel***, 264 Wis. 2d 571, ¶18. "Counsel's conduct is constitutionally deficient if it falls below an objective standard of reasonableness." ***Id.***, ¶19. To show prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Id.***, ¶20.

¶16 Here, none of Newman's allegations of ineffective assistance of counsel would diminish the significance of the evidence that, after Newman struck R.D.G. and R.D.G. rolled away from Newman, Newman left his bar stool, approached R.D.G., and struck him two additional times. While Newman argues that his counsel should have elicited more detailed evidence to establish Newman's reasonable belief that he needed to use force to prevent a sexual assault by R.D.G., Newman does not develop an argument that any additional evidence would have shown that he needed to approach R.D.G. and strike him two additional times to prevent any unwanted contact. Accordingly, Newman has not shown that any deficient performance by his trial counsel could have reasonably contributed to the result of Newman's request for a self-defense instruction.

¶17 We affirm.

*By the Court.*—Judgment and order affirmed.

8

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.